Good morning, ladies and gentlemen. The first case on today's docket is the case of Kauper v. Nyberg. And we have Mr. Andrew Flynn for the appellant. And we have... I'm not sure. Okay, there we go. I guess I could have looked up, but it was a little difficult to read it there. Okay, Mr. Flynn, you may begin when you're prepared. May it please the Court, Mr. Plyer. Good morning, Your Honors. My name is Andrew Flynn, and I represent Mr. D'Angelo Kauper, the plaintiff's appellant. Now, pursuant to the allegations asserted in this case, the plaintiff executed a plea of guilt in Saline County, Illinois, case number 2003-CF-323, where he was sentenced to 27 months in the Illinois Department of Corrections. Mr. Kauper was also to receive credit for the time he had already served. Now, based upon the good time credits and the credit for time already served, the plaintiff's sentence should have been substantially reduced. Unfortunately, the judgment to the Illinois Department of Corrections, or the witness, contained the wrong amount of credit for time already served, and the plaintiff was incarcerated for 137 days beyond his rightful release date. Section 5-4-1, subsection E-4 of the Unified Code of Corrections provides for the method in which the Illinois Department of Corrections is to receive sentencing data. Specifically, the statute places that duty upon the clerk of the court and the sheriff. As such, the plaintiff filed a two-count complaint against the clerk and the sheriff, alleging that they negligently failed to transmit the accurate number of days the plaintiff was entitled to credit against his sentence. The circuit court granted the defendant's motion to dismiss, and in dismissing the plaintiff's complaint, the circuit court held that the statute did not place a duty upon the defendants, the plaintiff was not an individual that the statute was designed to protect, and that a private cause of action was not necessary to remedy the violation of this statute. Now, of the issues involved in this matter, I will focus on two this morning. First, whether this statute imposes a duty upon either the clerk of the court or the sheriff, and the extent of that duty. And second, whether the individual may pursue a private cause of action for a breach of sentence. Now, the first issue of whether duties have been imposed upon the defendants may be quickly and easily answered in the affirmative. Initially, we may look at the plain language of the statute to see that duties have been established. The relevant part of the statute states that the clerk of the court shall transmit to the department, agency, or institution, if any, to which the defendant is committed, the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against this sentence, and which information shall be provided to the clerk by the sheriff. Illinois law is clear that a duty may be established by statute, local rule, or a judge's order. So in the present case, the statute clearly establishes a duty for both the clerk and the sheriff, respectively. Additionally, several cases have touched on this issue and have stated verbatim that this statute imposes upon the clerk and the sheriff duties. Specifically, in Patent v. Illinois, the Illinois Court of Claims stated that this statute imposes on the county sheriff and the circuit clerk the duties of assembling sentencing data and transmitting it to the Department of Corrections. This section requires the sheriff to provide the information to the clerk who is in turn to transmit it to the Illinois Department of Corrections. In Evans v. Illinois, which is another court of claims case, reiterates Patent and states that this statute at issue places the duty of transmitting convict sentencing data to the Illinois Department of Corrections on the county sheriff and the county clerk. So it is clear that the duties have been established to both the clerk and the sheriff. The statute only requires the clerk to transmit what the sheriff tells him, right? Yes. And the clerk did that here? Yes. Whether the clerk received accurate information or did not would be a question of fact that we haven't reached yet. I mean, there's nothing in the statute that requires the clerk to double-check the data received from the sheriff, is there? No, Your Honor. However, again, we don't know what the sheriff sent the clerk. And that would be a question of fact that we can hopefully determine in the coming months. So that has not, that's not in the record? No. I have no idea what the clerk received from the sheriff. Again, that's something I hope to find out through the discovery process. But you do agree that there's no additional duty to recalculate or change? There's no additional duty to recalculate or change, but I think there is a duty to provide any accurate information. As we look further at this… Well, are you then essentially saying there is a duty to make sure that it was accurate? Yes, Your Honor. And I can point to the specific language of the statute as well. And it says, if we look at it, it says there to provide or transmit the number of days the defendant is entitled to credit. So therefore, their duty would not be satisfied until all of the days the defendant is entitled to are transferred over to the Department of Corrections. In this case, not all of the days the defendant was entitled to were transferred to the Department of Corrections. Well, again, focusing on the clerk here, the statute goes on to say which information shall be provided to the clerk by the sheriff. So if he transmits what the sheriff provides him, hasn't he performed his duty? I would say, I would depend on what was provided to him, but yes. But at this point, we don't know what he's provided. Going back to that same issue, you know, there is an argument whether what needs to be transferred over to the Department of Corrections. The satisfaction of these duties by transmitting an inaccurate number would effectively render the statute useless and ineffective. Surely the legislature would not have intended for the defendants to merely transmit a number, be unaware of its accuracy, and then wash their hands. For example, defendants cannot transmit five days of good credit when the actual individual is entitled to 130 days of good credit. You seem to be kind of talking out of both sides of your mouth, because I understood, I thought, that if the sheriff sent something to the clerk and the clerk transmitted what was sent to him, that his duty was fulfilled. But now you're saying that if it's inaccurate, that you feel there's a breach there. I believe if it's inaccurate, like I said, Judge, I apologize, but there's no, I have no idea what was sent. So I'm going off the assertion that one was sent. Let's say the wrong information was sent, and then the clerk transmitted that on. Does he have a duty to check that for accuracy? I would say ideally. Would you say no? I would say ideally we would want the clerk to do that. Does he have a duty to do that? I would say no. But I'm basing this off, my argument would be I don't know which information was transferred. So I just know inaccurate information was sent at this point. So I guess moving on from that point, once we've established that there are other duties, the extent of each party's duties, we can move on to the second issue, which would be whether an individual may pursue a private cause of action for the breach of the duty established in this code. As discussed above, Evans v. Illinois, the Court of Claims case, established that an individual may bring an action for negligent incarceration for cases like this. Further, Illinois laws clear that negligent or non-performance of the duty may result in damages to an injured party. But even further than that, in this case, a private cause of action may be implied for a violation of this code. Pursuant to Noyle v. Board of Education of the City of Chicago, a private cause of action may be implied when four elements are met. First, the plaintiff must be a member of the class whose benefit the statute was enacted. In dismissing the plaintiff's complaint in this case, the circuit court's order stated that the plaintiff is not a part of the class of persons for whose benefit this statute is designed. That's just not the case. Here, one of the code's stated purposes, which may be found in Code Section 1-1-2, states that one of the purposes of this statute is to prevent arbitrary or oppressive treatment of persons adjudicated offenders or delinquents. Additionally, in McNeil v. Carter, which is a Third District case, they stated that an adjudicated offender is an individual that belongs to the class of people for whose benefit the statute was enacted. Thus, the plaintiff must be an adjudicated offender in this case to fall into that first elements category. In this case, the plaintiff was an adjudicated offender, and so we have the case number 03-CF-323. Thus, the plaintiff is a member of the class for whose benefit the statute was enacted, and the first elements easily met. Second, the second element that must be met in order to find the implied private cause of action would be whether the private cause of action is consistent with the underlying purpose of the legislation. Again, the same purpose I just mentioned is that the statute would be that in order to prevent arbitrary or oppressive treatment of persons adjudicated offenders or delinquents. In McNeil v. Carter, again, the Third District case I just mentioned, they stated the code was primarily enacted to provide courts with directions when imposing sentences with the desire to return an offender to useful citizenship. In this case, the plaintiff has alleged he was incarcerated for 137 days too long. Surely, 137 days of additional incarceration may be deemed as oppressive treatment for students of the statute. Thus, the private cause of action to remedy this arbitrary and oppressive treatment is consistent with the underlying purpose of the legislation, and the second element may be met. The third element that must be met is whether the plaintiff's injury is one that the statute is designed to prevent. Again, the same purpose I've been mentioning, one to prevent arbitrary and oppressive treatment and to provide courts with directions when imposing sentences seems to apply in this case. It is clear that the statute was designed to ensure that adjudicated offenders receive a fair and correct sentence while working towards regaining useful citizenship. Again, the plaintiff was incarcerated for 137 days beyond his rightful release date, and this statute was designed to prevent such oppressive treatment. As such, I believe the third element was met. Now, the fourth and final element required to imply a private cause of action is whether it's necessary to provide an adequate remedy for a violation of the statute. In dismissing the plaintiff's complaint, the circuit court's order stated that the private cause of action was not necessary as the plaintiff could have appealed the sentence or filed some sort of post-judgment petition seeking to correct his calculations for the credit receipt. And that's true, isn't it? He could have, and we see those all the time. Absolutely, and, Judge, he did do that. The plaintiff did file a motion to recalculate time served almost immediately. He found out there was an incorrect order, called his attorney at the time, his attorney filed a motion to recalculate time served immediately. That was not answered until November of 2011 or about a month after he'd already been released. They didn't even answer the petition. Well, at what point did he file it? I mean, was he already, had he already been in too long? No, he had already been in. And how much total time did he actually serve in prison? 137 days. Well, no, 137 was what he, the extra time, but how long was he actually in? 137 days, Judge. The way his good time credits would have worked out, he should have received, if done accurately, about 15 1⁄2 months of credit. The way they calculated it, his sentence was 13 1⁄2 months. So his total good time credits, credit for time served, would have absolved him from serving any time. My understanding is if they would have sent him there, he would have gone through the initial proceedings and been released, because that's all his time had been served. What was the sentence the court gave you? I'm sorry? What was his sentence? He was sentenced to 27 months. But the good time credits, whenever he initially got there, reduced it to 13 1⁄2 months. That first day, and then he served out the 137 days, which was the inaccurate minutes. Had that been accurate, it would have been 15 1⁄2 months, so he would have had a couple months. So you're saying he shouldn't have actually served any time at all? He'd already served his time. Absolutely. Okay. So, anyway, that was one of the circuit court's reasons for dismissing the complaint, but I just wanted to point out to Your Honors that he did try that. It didn't work. They didn't answer it until November after he had been released. And what release would you expect to have received? Hopefully an expedited response, correcting the minimus and getting him out of there as soon as possible. But, again, there was no response until after he had already been released. Now, along with the same elements, the defendants argued that a private cause of action is unnecessary in this statute because it provides for a grievance review procedure, and that can be found in Section 3-A-8 of the code. This grievance review procedure in the statute does not apply to this case. Roughly nine cases total cite this procedure, and it is clear that this grievance review procedure only applies to instances or action or lack of action that occurs to an inmate while he's incarcerated by that facility. For example, one case discusses an inmate's grievance regarding the food that he was receiving while incarcerated and how he wasn't happy with that. Another one discusses his lack of mental health treatment that he was receiving while incarcerated. Another one talks about the temperature of his cell while they were doing renovations and how he was not happy about that. So it's clear that this grievance review process cited by the defendants is for, like I said, action or inaction that occurs while an inmate is in prison and they agree to, hey, please change this while I'm here. Not something that happened outside of the Department of Corrections' control before he even arrived there. Like I said, there was no—in this case, the grievance procedure would only apply to misconduct at the correctional facility. In this case, there was no misconduct on the part of the correctional facility. They were merely following an admittance or the order that they received from the circuit court. So therefore, without such remedies available within the statute, it's clear that all four of the elements of the net and a private class of action may be implied in this case. And if not, the statute is useless. There would be no remedy for Mr. Cowper. His post-judgment motion to recalculate time served did not remedy the situation. They didn't even answer until he was already released five months, six months later. There would be absolutely no recourse for the injury caused by the negligence of the defendant. So what is this remedy if not here? There is none. And the plaintiff deserves a remedy in this case, and this is the correct remedy. As such, we request that the circuit court's decision to dismiss this case be reversed and remanded so that the merits of the case may be heard. Do you have any other questions for me at this time? No, we don't. Thank you. You'll have opportunity for rebuttal. Thank you. Mr. Blyer. Good morning. Good morning. My name is Joe Blyer. I'm here representing the clerk and the sheriff in this cause of action that was filed there in Selene County.  So we have to take the facts as true in the pleadings that the plaintiff pled, and based upon the motion the court granted, our motion is dismissed, and I'm here to ask you to affirm it here today. I think it's a very simple issue. It's kind of two issues, really, as to who the statute applies to and whether it imposes a private cause of action. I think it would be interesting to the three of you in determining whether or not it's a private cause of action because all three of you were previous trial judges, and it involves a sentencing statute, and in that statute not only does it tell what the clerk shall do, it also gives guidelines as to what a judge should do. And I think you're opening, there's nothing in the statute itself that allows for a private cause of action, and by finding a private cause of action that's not in the statute, it would subject either the court trial judges to certain private actions as well as the circuit clerk to a cause of action. As far as there's a question that's been raised and discussed, there's questions by the court here this morning, as about duty. I think that word is used a lot of times in this courtroom with a lot of, you know, it's a legal duty or a duty as to what someone should do under the statute. Two things about the statute become very clear. One is the sentencing statute as to what the court, giving the court guidelines as to imposing sentences in a criminal matter, and two is it tells what the clerk, the circuit clerk shall do, and it doesn't impose any direct thing that the sheriff should do in that statute. The clerk is a subsection E. It says what the clerk should do, and it says the clerk shall transmit the number of days, a good time that he or she receives from the sheriff. And I think you read the court claims cases that are cited by the plaintiff that I don't think are on point as to the issue as to what happens in the particular case, but it talks about the clerk in this case even taking the pleadings as true, that the clerk did forward the number of days of credit that he received from the sheriff in this particular case. And there's nothing in the statute that talks about there should be a recalculation or anything about the circuit clerk has a, quote, unquote, duty to go back and verify the days in and out and what days should be given, nor does it say that the sheriff shall do anything other than to give a certain number of days to the circuit clerk, which was done in this particular case. I think the most interesting issue, and I think since we're going on a motion to dismiss, the issue this court must decide is whether a sentencing statute, which was enacted by the legislature to give trial judges a guidance in imposing sentences under certain circumstances, whether a subsection within that about what a clerk is to do to transmit to the days to the Department of Corrections, whether or not it gives a private cause of action to this individual. I think first and foremost there's nothing in the statute that explicitly gives that right, and I think that by the construction of the statute, that's the first hurdle that we look at or the first issue we look at, and without any imposition in the statute itself, I don't believe there's a cause of action. The second would be whether or not it's implied, and I think we all agree that the trial court and Mr. Flynn and I both agree here today as to the four issues that a court should look at in determining whether or not there's a private cause of action arising in the statute. And I think specifically whether or not there is another remedy for this individual. I think that is the fatal blow to the plaintiff's complaint in this particular case and is a basis for this court affirming Judge Lambert's granting the motion to dismiss because the plaintiff in this particular case did have other causes. There are other causes of actions that he could have pursued. He mentioned he filed a petition to recalculate a sentence. It's certainly not the clerk's fault or the sheriff's fault that that wasn't acted upon for a certain number of days. I'm hesitant to say it over the court as to what other remedies there may be because I question whether or not a statute of limitations is run on all the remedies that he may have available to him in this particular case. But I think under the method in which the plaintiff chose to pursue at this particular time, there is no private cause of action imposed upon the clerk and specifically the sheriff under this statute that would allow him to file this cause of action and to seek a remedy against the clerk and the sheriff in this particular case. And I think, like I said, I think it's a very interesting issue as to whether or not the statute imposes a duty because of the other aspects of that particular statute that have issues that would be available or issues to a trial judge as to what the judge should do and shall do. And I think there's a question in some of the cases as to the word shall. And I think under the statute and taking the facts as it pled in the complaint that the clerk did convey the time that was served or the time that he should have received to the Department of Corrections. And I think under the terms of the complaint as pled in this particular case, Judge Lambert was correct in dismissing, granting the motion to dismiss and dismissing the plaintiff's complaint under this statute. We're here to ask this honorable court to affirm the trial court's granting the motion to dismiss. Thank you very much. Thank you, Mr. Bleier. Mr. Flynn, do you have rebuttal? I just had a couple of points I wanted to respond to. First, Mr. Bleier stated that it wasn't the clerk or the sheriff's fault regarding his motion to recalculate the time served and when that was answered. And that's true. But it was one of their faults that we even had to go that far in the first place. Had it been accurately calculated from either one or both of the parties, that would not have been an issue. And secondly, whether or not there is a cause of action, and Evans v. Illinois mentioned it previously, which is a court of claims case. They specifically mentioned that the court of negligent incarceration is allowed in state court. And while they're talking about this statute, they specifically cite this statute, this subsection, while saying toward negligent incarceration is appropriate. So I just wanted to point out those things. Are there any questions? Thank you. Thank you all for your briefs and arguments. We'll take a matter under advisement.